Filed 2/23/23  P. v. Henson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARCUS HENSON,<br><br>Defendant and Appellant. | C096757<br><br>(Super. Ct. No. STK-CR-FECOD-2015-0007347) |

This appeal comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  A jury convicted defendant Marcus Henson of four counts of attempted murder, four counts of assault with a semiautomatic firearm, shooting at an occupied vehicle, and participating in gang activity, and found several enhancements true.  (*People v. Henson* (Oct. 14, 2020, C084770 [nonpub. opn.].)  Defendant appealed, and we reversed and remanded two of the attempted murder counts, and vacated his conviction on three other counts and their associated enhancements.  After he was resentenced to 15 years to life plus 20 years, defendant filed a petition for resentencing under Penal Code section

1

1172.6.[1]  The trial court denied that petition at the prima facie stage.  Having reviewed the record and having found no arguable error that would result in a disposition more favorable to defendant, we will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

An indictment filed on August 20, 2015, charged defendant with two counts of attempted murder of two police officers (§§ 664, 187 subd. (a.)—counts 1 & 2); two counts of attempted premeditated murder of those same officers (§§ 664, 187 subd. (a.)—counts 3 & 4); two counts of assault with a semiautomatic firearm on those officers (§ 245, subd. (d)(2)—counts 5 & 6); two additional counts of assault with semiautomatic firearms on those officers (§ 245, subd. (b)—counts 7 & 8); shooting at an occupied vehicle (§ 246—count 9); and participation in gang activity.  (§ 186.22, subd. (a)—count 10.)  The indictment also alleged a series of enhancements:  as to counts 1 through 4, defendant and/or a principal intentionally discharged a firearm (§§ 12022.53, subds. (c), (e)(1)), and as to counts 5 through 9 that defendant personally used a firearm (§ 12022.5, subd. (a)), rendering those counts serious felonies (§ 1192.7, subd. (c)(8)), and counts 1 through 9 were committed for the benefit of a criminal street gang.  (§ 186.22, subd. (b).)

The basic facts of the case are that defendant and his fellow gang members fired 26 shots at an unmarked police car containing two Stockton police officers in plain

---

[1]  Defendant filed his petition under former section 1170.95.  The Legislature amended section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2).  Further, effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6, without substantive change.  (Stats. 2022, ch. 58, § 10.)  We will refer to the statute as section 1172.6 throughout the opinion.

Undesignated statutory references are to the Penal Code.

clothes.[2] Only two bullets struck the car on its rear bumper area as the officers raced away from the attack, and neither officer was injured.

At trial, the trial court instructed the jury that defendant had to have the intent to kill to commit attempted murder and on the kill zone theory of liability (requiring the person to have the intent to kill the specific victim and everyone else in that particular zone of harm), but did not instruct the jury on the natural and probable consequences theory of liability.

The jury found defendant guilty on all counts and found all of the enhancements true. The trial court sentenced defendant to 50 years eight months to life.

Defendant appealed and we reversed and remanded two of the attempted murder counts based on instructional error (counts 1 & 3), vacated three other convictions and their enhancements (counts 4, 7 & 8), and remanded the matter for resentencing and a youth offender parole hearing.

On remand, the trial court sentenced defendant to 15 years to life on the attempted murder count 2 (§§ 664, 187, subd. (a)), plus 20 years for the firearm enhancement. (§ 12022.53, subd. (e).) The trial court stayed the sentences on all other counts and enhancements.

Defendant filed a petition for resentencing under section 1172.6, alleging his remaining attempted murder conviction was based on the natural and probable consequences doctrine, which now could not support conviction due to the change in the law. The prosecution opposed that motion on the grounds the trial court instructed the jury under the kill zone theory, which requires proof of intent to kill, and did not instruct the jury on the natural and probable consequences doctrine.

---

[2]     On our own motion, we take judicial notice of the record and our opinion affirming the judgment and conviction in defendant's direct appeal. (Evid. Code, § 452, subd. (d) [court may take judicial notice of records of "any court of this state"].)

The trial court appointed counsel, held a hearing, and denied the petition, finding defendant was ineligible for resentencing.

Defendant timely appealed.

DISCUSSION

Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal in accordance with *People v. Wende, supra*, 25 Cal.3d 436. Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and defendant has not filed a supplemental brief.

The protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] do not apply to an appeal from a postconviction denial of a section 1172.6 petition. (*People v. Delgadillo* (2022) 14 Cal.5th 216.) The *Delgadillo* court laid out a framework for resolving appeals in which counsel finds no arguable issues as follows: "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id*. at pp. 231-232.) If defendant files a brief, we are required to "evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.) If defendant does not file a brief, the court may dismiss the appeal, with notice to defendant. (*Ibid*.) The court may also exercise its discretion and choose to conduct an independent review. (*Ibid*.)

In *Delgadillo*, the notice given by counsel and the appellate court advised defendant that counsel had filed a *Wende* brief, directed counsel to provide defendant with the brief and the record, and informed defendant he could file a supplemental brief

4

within 30 days.  (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 232-233.)  It did not inform him the appeal would be dismissed as abandoned if he did not file a supplemental brief.  (*Id*. at p. 233.)  Although the Supreme Court characterized this notice as "suboptimal," rather than reach the merits of whether this notice satisfied due process, the Supreme Court conducted an independent review.  (*Id*. at p. 233 & fn. 6.)  Our facts are identical and we also exercise our discretion to conduct an independent review.  (*People v. Flores* (2020) 54 Cal.App.5th 266, 274 [appellate court may independently review the record on appeal when an indigent defendant's appointed counsel has filed a *Wende* brief in a postjudgment section 1172.6 appeal].)

Appellate counsel complied with his obligations, defendant was advised of his right to file a supplemental brief, but did not do so, and we have undertaken an examination of the entire record.  We find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____KRAUSE_____, J.

We concur:

_____MAURO_____, Acting P. J.

_____McADAM_____, J. Pro Tem.*

---

*       Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5